CARROLL, Judge.
The appellee Miami Beach First National Bank, in its capacities as a trustee and as co-executor of the estate of Celia Wohl Schultz, deceased, filed a complaint for a declaratory judgment seeking a determination of whether a certain codicil to the will of the decedent operated to revoke a provision of a trust instrument thereafter executed by the decedent. The court held that the decedent’s codicil of January 3, 1968, “prevails and supersedes paragraph ‘Fourth’ of the [January 15, 1968] Revocable Trust Agreement.” We find error, and reverse.
Several years prior thereto the decedent had created a Totten trust savings account for the benefit of her nephew, the appellant Julian Hurewitz. After her deposits *148 therein with interest had built up the account to $9,606.60, the decedent discontinued the account and deposited the proceeds thereof in a personal bank account which she opened in the above named bank.
Some time thereafter, on January 3, 1968, the decedent executed a fifth codicil to her will. Therein it was stated, “I hereby change only those provisions in my Will wherein I bequeath my finances, and by this Codicil I hereby give, devise and bequeath my stocks, bonds, mortgages and cash as followsThe codicil then made a bequest of $3,000 to a friend of the decedent, one Ben Teichholtz, and in a second paragraph directed her executors to distribute “to the following nieces and nephews, all the rest and residue of the above described assets, share and share alike;” giving the names and addresses of six, included among which was the appellant Julian Hurewitz. Twelve days after executing that codicil the decedent executed a revocable trust instrument which designated her as the “settlor” and the Miami Beach First National Bank as the trustee. The document was six pages in length. Thereby she transferred to the trustee her assets, which were listed on an attached schedule.
The trust instrument contained a provision that during the life of the settlor the trustee should pay $100 each week to the settlor and $50 each week to Ben Teich-holtz “in addition to all of the income,” and should pay the net income from the trust to the settlor “or as she may otherwise direct in writing.”
The provision of the trust instrument which the trial court found was “superseded,” and in effect revoked by the earlier fifth codicil, was as follows:
“Fourth: Unless sooner terminated, the Trust shall terminate upon the death of the Settlor, and the Trustee shall then distribute the sum of Nine Thousand Six Hundred Six Dollars and Sixty Cents ($9,606.60) to Settlor’s nephew, Julian Hurewitz, if living, which sum represents the principal balance in Settlor’s account at Chase Federal Savings and Loan Association, Miami Beach, Florida, as of November 6, 1967, said account entitled “Celia Wohl in trust for Julian Hurewitz,” which account was transferred to Settlor’s individual account on November 6, 1967. The remaining principal and any undistributed income of the Trust Estate shall be paid to Settlor’s Executors to be distributed in accordance with the provisions in Settlor’s Last Will and Testament executed on December 21, 1964, and Codicil executed on August 31, 1967, and Codicil executed on January- 3, 1968.”
The trust instrument contained a provision for revocation of the trust, and prescribed the manner for accomplishment thereof, as follows:
“The Settlor may by a written instrument, signed, acknowledged and delivered to the Trustee during the Settlor’s life revoke this agreement in whole or in part and amend it from time to time in any respect, except that the duties and compensation of the Trustee shall not be materially changed by any amendment without its written approval.”
Four days after making the trust agreement the decedent executed a sixth codicil on January 18, 1968, in which it was stated that the only change effected thereby related to Ben Teichholtz. Therein the bequest to Teichholtz was revoked, coupled with a statement of intention “that under no circumstances is he [Teichholtz] to receive any bequest from any provisions made in my Will or Codicils.”
During the remainder of her lifetime, which continued for some months, thereafter, the decedent did not exercise her right to revoke the trust. On the contrary, she recognized the continued existence of the trust by executing an amendment thereto on February 12, 1968, whereby she eliminated the provision of the trust agreement which had directed the trustee to pay $50 a week to Ben Teichholtz, and supplemented the provision for amendment of the trust *149 contained in the original trust instrument by providing that a fifteen day written notice of any amendment to the trust agreement should be given to a named attorney for Julian Hurewitz by certified mail.
The codicil of January 3, 1968, provided for appellant Hurewitz to share the residue estate equally with the other named residuary legatees. Paragraph “Fourth” of the trust instrument executed after the codicil of January 3, 1968, contained a clear and unambiguous direction that upon her death the trustee should distribute $9,606.60 to Hurewitz (making reference therein to her previous accumulation of that sum for him a prior savings account) and distribute the remaining assets of the trust to her executors, for distribution by them in accordance with her will and the January 3, 1968, codicil. The trial court should have so declared. We can observe no basis in this record which would support a contrary or different result.
The judgment is reversed, and the cause is remanded for entry of judgment in accordance herewith.